UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Stanley Hughes, ) | Civil Action No.: 4:14-cv-02046-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Calvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Thomas E. Rogers.[1]  Plaintiff, Stanley Hughes, brought this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying Plaintiff's claim for Supplemental Security Income (SSI).  The Magistrate Judge recommended affirming the Commissioner's decision denying Plaintiff's claim for benefits.

### FACTUAL FINDINGS AND PROCEDURAL HISTORY

Plaintiff applied for SSI on August 24, 2011, alleging disability as of July 5, 2011.  The applications were denied initially and on reconsideration.  Plaintiff then requested a hearing before an administrative law judge ("ALJ").  A hearing was held before the ALJ on December 17, 2012. Plaintiff, represented by an attorney, appeared and testified.  A vocational expert also testified.  The ALJ issued a decision on January 18, 2013, finding that Plaintiff was not disabled.  The ALJ's findings are as follows:

---

[1]     This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

1. Claimant has not engaged in substantial gainful activity since August 24, 2011, the application date (20 C.F.R. 416.971 *et seq*.).

2. Claimant has the following severe impairment: fused left ankle (20 C.F.R. 416.920(c)).

3. Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925, and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. 416.967(c) with some additional limitations. Specifically, claimant can lift, push, and pull up to 50 pounds occasionally and 25 pounds frequently. He can sit, stand, and walk for 6 hours each in an 8-hour day. Claimant, however, can climb ladders no more than occasionally. He is limited to frequent crouching and stooping. Claimant must avoid concentrated exposure to cold, heat, and wetness.

5. Claimant is capable of performing past relevant work as a forklift operator and industrial cleaner. This work does not require the performance of work-related activities precluded by claimant's residual functional capacity (20 C.F.R. 416.965).

6. Claimant has not been under a disability, as defined in the Social Security Act, since August 24, 2011, the date the application was filed (20 C.F.R. 416.920(f)).

[ALJ Decision, ECF #9-2, at 24-30].

The ALJ's finding became the final decision of the Commission when the Appeals Council denied Plaintiff's request for further review on March 27, 2014. Plaintiff filed this action on May

26, 2014, seeking judicial review of the Commissioner's decision. [Compl., ECF #1]. Both Plaintiff and the Commissioner filed briefs, [ECF ##11, 12, 16]. The Magistrate Judge issued his Report and Recommendation ("R&R") on July 17, 2015, recommending that the Commissioner's decision be affirmed. [R&R, ECF #20]. Plaintiff filed timely objections to the R&R on August 3, 2015. [Plaintiff's Objections, ECF #22]. The Commissioner filed a response to Plaintiff's objections on August 19, 2015. [Defendant's Response to Plaintiff's Objections, ECF #26].

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical

acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.\* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined (1) whether the claimant

currently has gainful employment, (2) whether he suffers from a severe physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents him from returning to previous work, and (5) whether the impairment prevents him from performing some other available work.

## ANALYSIS

The Magistrate Judge recommended affirming the ALJ's decision finding Plaintiff not disabled concluding that it was supported by substantial evidence. Specifically, the Magistrate Judge found "Dr. Early's examination findings, Plaintiff's lack of treatment history, Plaintiff's own statements and activities provide substantial evidence to support the ALJ's interpretation of Dr. Early's report, her determination to afford 'some' weight to Dr. Early's opinion, and her RFC finding that Plaintiff was able to stand or walk for a total of six hours in an eight-hour workday." [R&R, ECF #20, at 20]. Additionally, the Magistrate Judge found that substantial evidence supported the ALJ's determination that Plaintiff was not disabled because he was capable of performing his past relevant work.

Plaintiff argues that the grids direct a finding of disabled if Plaintiff is limited to sedentary work. Plaintiff further argues that Dr. Early's opinions, if acknowledged and accepted, would support a finding of disability. Plaintiff argues that Dr. Early's opinions were not entitled to less weight solely because Dr. Early examined Plaintiff only once and the examination was at the request of Plaintiff's attorney. Plaintiff argues that it was unfair for the ALJ to refuse to order a consultative exam to "fill the evidentiary gap" while, at the same time, discounting Dr. Early's opinion because the examination was at the request of Plaintiff's attorney. Plaintiff also argues that the ALJ should have ordered a consultative exam to develop the record. Plaintiff also argues that the lack of

6

treatment history should not be held against him. Finally, Plaintiff contends the ALJ's residual functional capacity finding was not consistent with Dr. Early's opinions.

After a review of the record as a whole, the Court finds that the ALJ's decision is not supported by substantial evidence and remand is required because the record was not fully developed sufficient for the ALJ to render an informed decision. "[T]he ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record, and cannot rely on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). When the record reveals evidentiary gaps which result in unfairness or clear prejudice, remand is required. *Brown v. Shalala*, 44 F.3d 931, 935-36 (11th Cir.1995); *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980). Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision. *Ripley v. Chater*, 67 F.3d 552, 557 n. 22 (5th Cir.1995); *Huddleston v. Astrue*, 826 F. Supp. 2d 942, 958 (S.D.W.Va. 2011). "Because of the Commissioner's duty to develop the medical record fully and fairly, 'it is reversible error for an ALJ not to order a consultative examination when such evaluation is necessary for him to make an informed decision.'" *Huddleston*, 826 F. Supp. 2d at 959 (quoting *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir.1988)). "Circumstances that require a consultative examination include: (1) when a claimant's medical records do not contain needed additional evidence or (2) when the ALJ needs to resolve a conflict, inconsistency, ambiguity, or insufficiency in the record." *Ray v. Astrue*, 649 F. Supp. 2d 391, 409 (E.D.Pa. 2009) (citing 20 C.F.R. § 404.1519a(b)(2), (4); 20 C.F.R. § 416.919a(b)(2), (4); and *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir.2001)).

In this case, there was only one medical opinion regarding Plaintiff's left ankle and standing and walking abilities during the relevant time period - Dr. Early's opinion. The ALJ discounted the opinion because Dr. Early examined the Plaintiff only once and at the request of Plaintiff's attorney. Because Plaintiff's medical records did not contain sufficient information upon which the ALJ could rely, a consultative examination was necessary for the ALJ to make an informed decision. Since a consultative exam was necessary for the ALJ to make an informed decision and might have led to a different decision, the Court remands the case to the ALJ with instructions to order a consultative exam of Plaintiff's left ankle.

The Court also finds that the ALJ's residual functional capacity determination is not supported by substantial evidence because the ALJ misinterpreted the only relevant medical opinion concerning Plaintiff's left ankle and standing and walking abilities.[2] The ALJ's residual functional capacity determination was based in large part on her conclusion that "[t]he ability to stand and walk within the parameters reported by Dr. Early and [Plaintiff] are generally consistent with the ability to stand and walk for 6 [hours] each in an 8-hour day." Tr. at 26. The ALJ was referring to Dr. Early's statement that Plaintiff "can do standing for up to 60 minutes on a good day. His walking is limited by pain in the left ankle. On good days on flat surfaces he can walk for up [to] two miles." Tr. at 442. However, when read in conjunction with Dr. Early's clinical findings, the only plausible interpretation of Dr. Early's statement that Plaintiff could stand up to 60 minutes on a good day or walk up to two miles is that Plaintiff could stand up to 60 minutes *total* on a good day

---

[2]     The ALJ's decision discusses the surgical treatment of Plaintiff's left ankle noting that Plaintiff sustained a displaced trimalleolar fracture of the left ankle in 1996 and underwent open reduction internal fixation. Tr. at 25. Plaintiff subsequently developed an infection as well as post-traumatic arthritis. In October 1997, Plaintiff underwent a second surgical procedure to remove the previously placed hardware and fuse his left ankle. Plaintiff has no range of motion in his left ankle. X-rays of Plaintiff's ankle show a fusion and 2 screws holding bones in place. *Id*.

or walk a *total* of two miles on a good day, not multiple or consecutive intervals of 60 minutes or two miles consistent with 6 hours of standing and walking over the course of an 8-hour day.[3] The ALJ's conclusion ignores the significance of Dr. Early's clinical findings that Plaintiff had no range of motion in the DF, PF, or pronation plates, that his gait was antalgic with low clearance of the MT due to slight left foot drop, and that Plaintiff could not tiptoe or heel gait due to weakness. Dr. Early also noted no joint space at the talotibial joint and extensive arthritis in the talocuniform joints and talonavicular joint. Tr. at 441. The ALJ's conclusion does not take into account Plaintiff's testimony that after walking 2 miles he has to elevate his foot until the swelling goes down. Tr. at 71. Significantly, the ALJ offers no explanation for how walking up to 2 miles on a good day and standing for one hour equate with standing and walking for 6 hours each over the course of an 8-hour day. Accordingly, the court finds that the ALJ misconstrued Dr. Early's statement as to Plaintiff's standing and walking abilities such that his finding that "[t]he ability to stand and walk within the parameters reported by Dr. Early and claimant are generally consistent with the ability to stand and walk for 6 each in an 8-hour day" is not supported by substantial evidence. As a result, the ALJ's residual functional capacity determination is not supported by substantial evidence.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, Defendant's reply to the objections, and applicable

---

[3] The Magistrate Judge noted that light duty jobs, like medium duty jobs, require standing for six hours off and on in an eight-hour day, 20 C.F.R. § 416.967(b), SSR 83-10. The standing and walking abilities identified by Dr. Early have Plaintiff standing or walking at a maximum of 60 minutes, perhaps 90 minutes, on a good day. Thus, Plaintiff's standing and walking abilities, as identified by Dr. Early, are more consistent with a residual functional capacity to perform sedentary work, which would require standing and walking for "no more than about 2 hours of an 8-hour day." *See* SSR 83-10. As argued by the Plaintiff and acknowledged by the Magistrate Judge, if Plaintiff is limited to sedentary work, the Grid Rules direct a finding of disabled.

9

law.  For the foregoing reasons, the Court hereby respectfully rejects the Magistrate Judge's Report and Recommendation.  The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner with instructions that the Commissioner order a consultative examination of Plaintiff's fused left ankle and reconsider the residual functional capacity determination in light of the additional consultative medical exam and other evidence in the record consistent with this Order.

    **IT IS SO ORDERED**.

September 15, 2015                                                  s/ R. Bryan Harwell
Florence, South Carolina                               R. Bryan Harwell
                                                                                  United States District Judge